**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Dennis A. Smith</u>

   v.                                              Civil No. 05-cv-374-JD

<u>Warden, New Hampshire
State Prison et al.</u>

**O R D E R**

     Dennis A. Smith has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging civil rights violations under the First and Fourteenth Amendments (document nos. 1, 3, 6, 9, 14 and 16). Seeking injunctive and declaratory relief, he brings this action against Stephen J. Curry, Commissioner of the New Hampshire Department of Corrections ("NHDOC"), and the following employees of the New Hampshire State Prison ("NHSP"): Bruce Cattell, Warden; Greg Crompton, Deputy Warden; Christopher Shaw, Lieutenant; and Paul Carroll, Corporal. Also filed is a Motion to Clarify Position and Supplement the Record and a Motion to Supplement Grievance Material (document. nos. 6 and 9).

     The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule

("LR") 4.3(d)(2).  For the reasons stated in the Report and Recommendation issued simultaneously herewith, I find that Smith has alleged the following claims: (1) First and Fourteenth Amendment retaliation claims against Curry, Cattell, Shaw and Carroll; and (2) a Fourteenth Amendment equal protection claim against Cattell.  I have recommended dismissal of all remaining claims.  I have granted Smith's motions to clarify and supplement the record (document nos. 6 and 9).

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint served on the defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order and the complaint (document nos. 1, 3, 6, 9, 14 and 16).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to

represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

The defendants are instructed to answer or otherwise plead within thirty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 25, 2006

cc:   Dennis A. Smith, *pro se*