```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

<u>Dennis A. Smith</u>

    v.                                                Civil No. 05-cv-374-JD
                                                        Opinion No. 2006 DNH 133

<u>Warden, New Hampshire</u>
<u>State Prison, et al.</u>

                                               O R D E R

Dennis A. Smith, proceeding pro se and in forma pauperis, alleges retaliation claims under the First and Fourteenth Amendments against the Commissioner of the New Hampshire Department of Corrections and employees of the Department of Corrections and an equal protection claim under the Fourteenth Amendment against the Warden of the New Hampshire State Prison. He seeks injunctive and declaratory relief.[1]  On August 28, 2006, Smith filed a motion for a temporary restraining order and a preliminary injunction, which was referred to the magistrate judge.  Smith's subsequent motion to amend and supplement his memorandum in support of his motion for a preliminary injunction was granted.  The defendants filed an objection to the motion.

---

[1] These are the allegations that the magistrate judge found stated claims on preliminary review pursuant to 28 U.S.C. § 1915A, which was approved by the court.

The magistrate judge held a hearing on Smith's motion on September 26, 2006. Smith participated by video conference from Texas where he is incarcerated. Jane Coplan, former warden of the New Hampshire State Prison, and Kimberly LaCasse, Classification Administrator at the prison, testified at the hearing. Following the hearing, the magistrate judge issued a report and recommendation in which he recommended that Smith's motion for a preliminary injunction be denied and that his complaint be dismissed in its entirety. Smith has filed an objection to the magistrate judge's report and recommendation.

## Discussion

In his motion for a preliminary injunction, Smith stated that he was involuntarily transferred from the New Hampshire State Prison to a prison in Texas in retaliation for exercising his constitutional right to access the courts. He states that the conditions in the Texas prison, including that prison's policy of seizing inmate funds to pay the inmate's expenses and debts, deprived him of resources necessary to pursue his litigation. He also states that the Texas prison policies violate his rights as a New Hampshire prisoner because of the differences in the laws of Texas and New Hampshire and that, because of the differences in the laws and policies, he is not

being treated equally with other Texas inmates.  Smith sought an injunction that would require that he be transferred back to the New Hampshire State Prison.

Smith contends that personnel at the New Hampshire State Prison harassed him and retaliated against him because of his litigation against the prison and its employees.  He further contends that the disciplinary problems he has experienced and which led to his transfer to Texas were due to unfounded charges made against him.  Based on the testimony at the hearing, the magistrate judge found that Smith's transfer was not based on retaliation for his litigation but, instead, was due to his misbehavior.  The magistrate judge found that the charges against Smith were appropriate.  As a result, he concluded that Smith could not show a reasonable likelihood of success on the merits of his retaliation claim or irreparable harm.  The magistrate judge recommends both that Smith's motion for a preliminary injunction be denied and that his complaint be dismissed in its entirety.

Smith objects to the magistrate judge's report and recommendation.  He contends that the magistrate judge improperly restricted his examination of Warden Coplan when Smith's "objective was to elicit some very helpful testimony via a clever and somewhat eccentric line of questioning."  Obj. ¶ 4.  Smith

objects to dismissal of his case and notes that the magistrate judge's report and recommendation does not address his equal protection claim.  He challenges the magistrate judge's reference to certain prison employees as having the wrong titles and assignments, and notes that there is no defendant named "Officer Carr," who is referenced in the report and recommendation.  He argues that the defendants' reliance on the disciplinary reports against him was a cover-up for retaliation because there is no prison policy establishing a disciplinary basis for transferring inmates and no other inmate has ever been transferred for that reason.  He faults the magistrate judge for considering disciplinary reports dated after the time the decision had been made to transfer him and for not including the date of the transfer decision in the report and recommendation.

When a motion for injunctive relief is referred to the magistrate judge for a hearing, the magistrate judge submits proposed findings of fact and recommendations for the disposition of the motion.  28 U.S.C. § 636(b)(1)(B).  If a party files a timely objection, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge."  § 636(b)(1).  Following de novo review, the judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

The court has reviewed Smith's motion for preliminary injunctive relief, the defendants' response, the hearing testimony, and the magistrate judge's report and recommendation. Smith raised both his retaliation claim and his equal protection claim in support of his motion for injunctive relief. Both claims were addressed at the hearing. The magistrate judge, however, recommends that the motion be denied based on a discussion of only the retaliation claim. Further, the magistrate judge recommends that the entire complaint be dismissed, based on § 1915A, without discussing the equal protection claim.

It appears, therefore, that the magistrate judge may have overlooked the equal protection claim as part of the basis of Smith's motion for injunctive relief. In addition, because review under § 1915A is complete, no additional preliminary review would be expected at this stage of the case.[2] See 28 U.S.C. § 1915A(a). Ordinarily, sua sponte dismissal of claims is discouraged. See, e.g., Benitez-Garcia v. Gonzalez-Vega, --- F.3d ---, 2006 WL 3114305 at *5 (1st Cir. Nov. 3, 2006); Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 243 n.2 (1st Cir. 2006).

---

[2]Because Smith had been given leave to amend his complaint, the report and recommendation may have been intended to address his expected amendment, which, however, was not filed within the time allowed.

5

The bases, findings, and reasoning supporting the magistrate judge's report and recommendation are not entirely clear. Therefore, it is appropriate to provide an opportunity for reconsideration or clarification before the court undertakes a de novo review of the report and recommendation.

## Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (document no. 47) is remanded to the magistrate judge for reconsideration or clarification in light of the plaintiff's objection (document no. 50).

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 21, 2006

cc: Andrew B. Livernois, Esquire
    Dennis A. Smith, pro se