UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dennis A. Smith

   v.                                             Civil No. 05-cv-374-JD

New Hampshire State Prison, Warden, et al.

**FURTHER REPORT AND RECOMMENDATION**

    Judge DiClerico has referred back to me for further consideration plaintiff's request for preliminary injunction in light of matters raised in the objection to my initial report.

    In recommending dismissal I did overlook plaintiff's equal protection claim. I withdraw that recommendation.

    I interpreted[1] (and frankly I still do interpret) plaintiff's preliminary injunction request as a request for return to New Hampshire because his transfer was retaliatory. As I interpreted the written and oral presentation of his equal protection claim at the hearing, it was offered on the irreparable harm issue, not as an independent basis for an injunction directing his return nor for a request for some form

---

[1] Despite Mr. Smith's opinion of his own writing, I find it requires me to try to interpret aspects of it.

of injunction as to his Texas conditions of confinement.[2]  Judge DiClerico has construed the motion as including "his equal protection claim in support of his motion for injunctive relief." Document no. 54, p.5.  Before addressing the equal protection claim I will address Smith's other complaints.

1. <u>Smith's "Clever and somewhat eccentric line of questioning</u>."

The transcript clearly demonstrates that I not only did not cut Smith's examination off as he alleges (although I did interrupt Smith on occasion) but instead, <u>with every single witness</u>, I asked him if he had any further questions:

   a. <u>Smith as a witness</u>

   <u>End of direct</u>: Court: "[I]s there anything else you want to add with regard to the claims in the preliminary injunction."

   Smith: No

   <u>End of cross</u>: Court: "All right, before we bring on the other witnesses is there anything else you want to say, Mr. Smith."

   Smith: "No, that's it."

   b. <u>Warden Coplan</u>[3]

---

[2]The Texas authorities are not parties to this suit.

[3]I did ask where Smith was going with his questions of the Warden since she had nothing to do with his transfer.  He explained his "clever and somewhat eccentric line of questioning"

    End of Smith cross: Court: "Do you have any more relevant questions for the Warden?"

    Mr. Smith: "No".

  c. <u>Ms. Lacasse</u>

    End of cross by Smith: "I have no further questions."

In short, while Smith and I had a discussion of the relevance of his inquiry, I never denied him an area of inquiry and he expressly affirmed that he had no further questions as to <u>each</u> witness.

  2. <u>Submission of Crucial Documents</u>

Smith claims that he was denied the opportunity to submit crucial documents which would have had, he says, a dramatic impact on the outcome of the proceeding. His objection does not say what the documents are that he claims he could not submit. At the start of the hearing he did say he had some documents about Texas prison policies that he wanted to submit but Texas would not fax them. He said the "Texas policy and procedure constituted <u>irreparable harm</u>." I suggested that he read the document(s) into evidence after he was sworn. He referenced some

---

as one effort to show Coplan telling Crompton and others that Smith could stay in New Hampshire was the opening to trumped-up charges and a transfer when she left.

but read none.

Smith later asked to have the "compact referral summary" admitted into evidence. A copy was obtained from defendant during the hearing and it was marked as Exhibit 1. Immediately after that (at the end of the hearing) I asked Smith about further documents.

> Court: "[A]re there any other documents you think are important for me to consider with regard to your retaliatory transfer claim and/or your equal protection claim."
>
> Smith: "I said no."

### 3. Unidentifiable Guard

In my report I referenced "Officer Carr." That's the way it was written in my notes. Looking at the court reporter's rough transcript she spells it as "Carol". No one spelled it for the record. I'll assume it was "Carol" and I hereby amend my report to make that change.

### 4. Objections to Reliance on Disciplinary Reports

I found that the state was justified in relying on the misbehavior referenced in those reports. I further found Smith's explanations lacked credibility. Plaintiff also complained about my reference to the October 2004 threat to throw infected blood and feces at staff because it came after his "transfer packet"

was sent to Texas.  Neither side put into evidence the date the "transfer packet" was sent to Texas.[4]  Assuming that one disciplinary event was after the transfer packet was mailed does not make the event irrelevant.  It reinforced defendant's decision and, if nothing else, it removed any reason to reconsider the transfer.  My recommendation is unchanged in this regard.

   5.   Disciplinary Transfer

   Plaintiff claims that his transfer had to be retaliatory because there is no prison policy establishing discipline as a basis for transfer and no other inmate has ever been transferred for that reason.  Plaintiff offered no evidence to support his claim.  My examination of the prison's "PPD's" indicates that they do not address any reasons for transfer.  Ms. Lacasse testified that the decision to transfer Smith out of state was based upon his misbehavior not retaliation for a lawsuit.  I find her credible.

   Further, the First Circuit in dicta suggests that the Interstate Compact must be read to apply to transfers for a prisoner's "own or others' safety, for disciplinary reasons, for

---

   [4]Plaintiff elsewhere alleged that the packet was mailed on September 29, 2004.

reasons of overcrowding, health, etc." Sisbarro v. Warden, Massachusetts State Penitentiary, 592 F.2d 1, 3 (1st Cir. 1979). I find that defendants did not transfer Smith to retaliate against him because of his prior lawsuit. His constitutionally protected conduct was not a substantial or motivating factor in the decision to transfer him. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

6. Equal Protection

I construed Smith's equal protection claim to be that he "is similarly situated to inmates in the receiving state (Texas) but has been denied the opportunity to earn good time and bonus time, a privilege afforded to other Texas inmates." Document no. 20, p.21. That construction of Smith's equal protection claim was approved by Order on Ma 17, 2006. Document no. 23. No amendments have been made to this claim.

The claim is only against the Warden in his representative capacity. Document no. 20, p.19. Defense counsel does not dispute that Texas law permits inmates to earn "good time", but not earn money, for work. Smith, and all other out-of-state inmates housed in Texas, do earn good time credit – so far as

Texas authorities are concerned.

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike absent a rational basis for doing otherwise.  See City of Cleburne v. Cleburne Living Cr., Inc., 473 U.S. 432, 440 (1985) (citing Plyler v. Doe, 452 U.S. 202, 216 (1982)), accord Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  For equal protection purposes, inmates transferred pursuant to an interstate compact are similarly situated to inmates in the receiving state.  See Stewart v. McManus, 924 F.2d 138, 142 (8th Cir. 1991).

Texas authorities offer Smith the same good time credits offered to Texas inmates and deny him the same "work pay" denied to Texas inmates.  New Hampshire denies its inmates, on the basis of statute, good time work credits, whether they are housed in New Hampshire or Texas.  Smith's complaint is that he cannot use any good time work credits earned in Texas against his New Hampshire sentences.  That is a matter of the difference in state statutes, not a denial of equal protection in matters of conditions of confinement.  It is no different constitutionally than a difference in work pay rate from one state to another.  I

7

recommend that Smith be denied any preliminary injunctive relief on his equal protection claim.

I renew my recommendation that the motion (document no. 37) be denied.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                                    James R. Muirhead
                                                    United States Magistrate Judge

Date:   December 11, 2006

cc:     Andrew B. Livernois, Esq.
        Dennis A. Smith, pro se