UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dennis A. Smith

     v.                              Civil No. 05-cv-374-JD

Warden, New Hampshire
State Prison, et al.


O R D E R

    The magistrate judge issued a further report and
recommendation on Dennnis Smith's motion for a preliminary
injunction.  The magistrate judge again concluded that Smith's
motion should be denied.  Smith objects to the further report and
recommendation, contending that the magistrate judge improperly
found that his behavior, which resulted in disciplinary reports
against him, was the basis for the decision to transfer him to
Texas, and erred in his analysis of Smith's equal protection
claim.

    In reviewing a magistrate judge's report and recommendation,
the court makes "a de novo determination of those portions of the
report or specified proposed findings and recommendations to
which objection is made."  28 U.S.C. § 636(b)(1).  The court may
"accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  Id.  If
necessary, the court may also consider additional evidence.  Id.

De novo review in the context of a motion for a preliminary injunction requires consideration of four sequential factors: (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, . . . ; and (4) the effect (if any) of the court's ruling on the public interest." Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). "The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in [his] favor." Id.  If the party seeking injunctive relief cannot establish a likelihood of success on the merits, his motion fails regardless of his showing as to the other factors. Id.  In addition, harm is not irreparable if the party can be compensated by money damages. P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 (1st Cir. 2005).

A.  Disciplinary Reports

Smith objects to the magistrate judge's finding in the original report and recommendation, which is reiterated in the further report and recommendation, that Smith's behavior justified the prison's decision to transfer him to Texas.  Smith particularly objects to the magistrate judge's consideration of Smith's threat in October of 2004 to throw infected blood and

2

feces at the prison staff as part of the misbehavior that resulted in his transfer.  Smith asserts that because that incident occurred after the transfer decision had been made, it does not support the conclusion that the decision was not retaliatory.  He argues that the evidence shows that the disciplinary reports were insufficient to justify transferring him.

The magistrate judge cited four disciplinary incidents that justified the decision to transfer Smith to Texas because of his behavior.  He also noted the October threat.  He found that Smith's explanations about those incidents were not credible.  In the further report and recommendation, the magistrate judge found that even if the disciplinary event in which Smith threatened to throw infected blood and feces at prison staff occurred after the decision had been made to transfer him to Texas, that event provided additional support for the transfer decision.  He also found that the classification officer, Kimberly Lacasse, was credible when she testified at the preliminary injunction hearing that the decision to transfer Smith was based on his misbehavior and was not made in retaliation for his lawsuit.  He concluded that Smith had not shown that the decision to transfer him to Texas was retaliatory.

The testimony at the hearing about the reasons for
transferring Smith to Texas and about his behavior provide more
than ample basis for the transfer decision, undermining the
likelihood of Smith's success on the merits of his claim.
Smith's theory that the disciplinary reports were concocted to
provide a basis for his transfer is not supported by the evidence
and is not credible.  Therefore, Smith's objection to that
portion of the magistrate judge's report and recommendation is
denied.

B.  Equal Protection

The magistrate judge explained in the further report and
recommendation that he interpreted Smith's motion for a
preliminary injunction to assert only the retaliatory transfer
claim as a basis for injunctive relief and to use the equal
protection violation argument as grounds for irreparable harm.
Nevertheless, the magistrate judge also analyzed the equal
protection claim as a basis for injunctive relief.  He concluded
that Smith's equal protection argument did not show irreparable
harm and was not likely to succeed on the merits.

An equal protection claim that does not involve a suspect
classification requires a showing that the plaintiff is being
intentionally treated differently from others who are similarly

4

situated to him without a rational basis for the difference in treatment.  Buchanan v. Maine, 469 F.3d 158, 177–78 (1st Cir. 2006).  In the prison context, an inmate can show an equal protection violation only if he can show that the different treatment he received was not reasonably related to a legitimate penological purpose.  Trujillo v. Williams, 465 F.3d 1210, 1228 (10th Cir. 2006).

The Interstate Corrections Compact requires "[a]ll inmates who may be confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution." N.H. Rev. Stat. Ann. § 622–B:2, IV(e).  The agreement between Texas and New Hampshire under the Interstate Corrections Compact requires Texas to afford New Hampshire inmates housed in Texas the same opportunity to participate in programs or other work and the same compensation as Texas inmates would have.  See Report and Recommendation, doc. 20, at 20 (quoting agreement).  It appears to be undisputed that Texas compensates inmates for their work by giving them good time credit against their Texas sentences while New Hampshire compensates inmates for work with wages.

As construed following preliminary review under 28 U.S.C. §
1915A, Smith alleges that he is similarly situated to the Texas
inmates in the prison where he is currently held but has been
denied the opportunity to earn credit against his sentence for
his work, which is a privilege afforded to the Texas inmates.
The reason Smith cannot earn credit that is provided to Texas
inmates is because under New Hampshire law, an inmate's sentence
is subject to restrictions on good time credit and cannot be
reduced by credit received for working.  See N.H. Rev. Stat. Ann.
§ 651:2, II-e.  Therefore, the difference between Smith and other
Texas inmates is the different systems used by Texas and New
Hampshire to calculate their inmates' sentences.  Because New
Hampshire law mandates the result that Smith is challenging, the
Warden has a legitimate reason for denying Smith good time credit
based on his work in the Texas prison.

Even if Smith were able to show a likelihood of success on
the merits of his equal protection claim, however, he has not
shown that the lack of injunctive relief would cause him
irreparable harm.  In his motion, Smith seeks an order requiring
his immediate return to the New Hampshire State Prison; he does
not ask that he be given good time credit for his work at the
prison in Texas.  If his request for an immediate return to New
Hampshire were granted, Smith would receive wages for his work at

6

the New Hampshire State Prison.  The harm that would be caused by denying injunctive relief, delay in his return to New Hampshire, could be remedied by damages if Smith were eventually to prevail on his equal protection claim.

C.   Access to the Courts

In his motion, Smith argued that the Texas prison authorities, based on their policies and procedures, had taken all of his personal funds, leaving him unable to pay for postage to pursue litigation here in New Hampshire.  The magistrate judge addressed that issue at the hearing, instructing counsel for the warden to be sure that Smith had sufficient funds or postage to comply with his right to access the court.  Smith has continued filing motions in this case, showing that he has ample access to the court.  He also did not object to the lack of relief in the report and recommendation on that issue.  Therefore, that issue is apparently resolved and need not be addressed here.

<u>Conclusion</u>

For the foregoing reasons, the report and recommendation dated November 3, 2006, (document no. 47) and the further report and recommendation dated December 11, 2006, (document no. 55), are approved, as set forth in this order.  The plaintiff's motion for a preliminary injunction (document no. 37) is denied.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 30, 2007

cc:  Andrew B. Livernois, Esquire
     Dennis A. Smith, pro se

8